EL PUEBLO DE PUERTO RICO *Ex rel.* FÉLIX LÓPEZ, querellante y apelado, *v.* MODESTO VELÁZQUEZ FLORES, querellado y apelante.

Núm. 8306.—*Sometido:* Diciembre 8, 1943.   *Resuelto:* Diciembre 17, 1943.

*Dubón & Ochoteco, M. Velázquez Flores y Herminio A. Concepción,* abogados del apelante; *Cayetano Coll y Cuchí,* abogado del relator.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El día 9 de agosto de 1940 El Pueblo de Puerto Rico radicó una moción en la Corte de Distrito de Humacao a instancias de Félix López solicitando se admitiera la solicitud del relator para que se expidiera un auto de *quo warranto* contra Modesto Velázquez Flores. Dicha solicitud también se radicó el 9 de agosto de 1940 y en ella se alegó que el querellado estaba usurpando y desempeñando ilegalmente el cargo de Alcalde del Municipio de Las Piedras. Expedido el auto y señalada la vista correspondiente el querellado radicó su contestación en la cual alegó que si bien había sido nombrado Alcalde del Municipio de Las Piedras por la Asamblea Municipal de dicho pueblo había "cesado . . . en el desempeño de dicho cargo por renuncia voluntaria que presentara oportunamente la cual le ha sido aceptada". A petición del relator el querellado hizo más específica su contestación y dijo que "presentó su renuncia el día 7 de agosto de 1940 y que esa misma fecha le fué aceptada por la Asamblea Municipal de Las Piedras habiendo hecho entrega inmediatamente en esa misma fecha del cargo . . . al Presidente de la Asamblea Municipal."

El querellado ofreció como prueba una certificación expedida por el Secretario Auditor del Municipio de Las Piedras la cual no fué admitida por la corte inferior y tampoco le permitió declarar en cuanto a los hechos alegados en su contestación, basando su negativa (a) en el hecho de que la certificación hacía referencia a la carta de renuncia del querellado sin transcribirla y tampoco se transcribía el acuerdo aceptando la renuncia y por tanto la certificación no era una copia fiel y exacta del acta; y (b) que el querellado no podía declarar sobre hechos que debían constar por escrito en el acta de la Asamblea Municipal. Como consecuencia la corte declaró con lugar la querella y que el querellado estaba "ocupando ilegalmente el cargo de Alcalde . . . y usur-

pando las funciones del mismo" y ordenó su destitución y declaró vacante dicho cargo, condenando al querellado a pagar las costas y $100 de honorarios de abogado. Contra dicha sentencia estableció el querellado el presente recurso en el que alega que la corte inferior erró al no admitir la copia certificada del acta de la Asamblea Municipal, al no permitirle declarar y al declarar con lugar la querella y condenarle a pagar costas y honorarios de abogado.

▮ La certificación ofrecida y no admitida dice así:

"Gobierno Municipal, Oficina del Alcalde, Las Piedras, P. R.

"Acta.—En Las Piedras, P. R., a 7 de agosto de 1940, previa convocatoria debidamente expedida y circulada se reunió esta Hon. Asamblea Municipal de Las Piedras en la casa Alcaldía a las ocho de la noche. Se pasó lista y contestaron presente ocho de los nueve miembros de la Asamblea.

"Se leyó una carta del Hon. Modesto Velázquez Flores, Alcalde de este Municipio presentando su renuncia como tal Alcalde de este Municipio.

"Fué acuerdo aceptar y se aceptó la referida renuncia del Alcalde Modesto Velázquez y éste hizo inmediata entrega del cargo de Alcalde al Presidente de la Asamblea.

"Se levantó la sesión hasta mañana a las ocho. (Fdo.) Felipe Dávila.—(Fdo.) Antonio Márquez Carrión.

"Yo, Felipe Dávila, Secretario Auditor del Municipio de Las Piedras, Certifico que la precedente es copia fiel y exacta del acta de reunión de la Asamblea Municipal de Las Piedras, celebrada el día 7 de agosto de 1940. (Fdo.) Felipe Dávila."

El único caso citado por la corte inferior para sostener que el acta no era admisible como prueba es el de *Pueblo* v. *Márquez,* 43 D.P.R. 46 en el que se resolvió—citamos del sumario—que "Una certificación del registro civil que no represente ser una copia fiel y exacta del asiento de nacimiento de una persona, al ser objetada, no es admisible en evidencia para probar la edad de dicha persona". Empero, la certificación ofrecida en evidencia en dicho caso era una *en relación* del acta de nacimiento y no una copia fiel y exacta del acta misma, y por lo tanto, claramente inadmisible. *Mercado* v. *American Railroad Co.,* 61 D.P.R. 228.

En el caso de autos el Secretario Auditor del Municipio de Las Piedras certificó que "la precedente es copia fiel y exacta del acta de la reunión de la Asamblea Municipal de Las Piedras celebrada el 7 de agosto de 1940". Es cierto que en el acta no se transcribe la carta del querellado presentando su renuncia como Alcalde, pero ese hecho en sí no hace que la copia certificada deje de ser "una copia fiel y exacta" de lo que el acta misma contiene. El mismo razonamiento es aplicable al hecho de que en el acta no se transcriba detalladamente la resolución de la asamblea aceptando la renuncia. En ella se hizo constar que "se aceptó la referida renuncia del Alcalde" y que "éste hizo inmediata entrega del cargo . . . . al Presidente de la Asamblea". La certificación era claramente admisible. Si el Secretario Auditor del Municipio cumplió o no con los deberes de su cargo por no haber hecho constar en el acta los particulares mencionados no es cuestión que pueda perjudicar los derechos del querellado que sólo tenía a su alcance para probar los hechos alegados en su contestación lo que del acta de la Asamblea Municipal aparecía. Es más, de haberse presentado el libro original de actas lo único que podía aparecer del acta del 7 de agosto de 1940 es lo mismo que se hizo constar en la copia certificada antes mencionada, pues tenemos que presumir que es cierta la manifestación del secretario de que la misma era una copia fiel y exacta.

Erró, por tanto, la corte inferior al no admitir esta prueba y el error conlleva la revocación de la sentencia, pues el acta de la Asamblea Municipal demuestra que dos días antes de radicarse la petición de *quo warranto* ya el querellado había renunciado como Alcalde, la Asamblea Municipal le había aceptado la renuncia y el querellante había hecho entrega del cargo.

*Se revoca la sentencia apelada y se dicta otra declarando sin lugar la petición de quo warranto, con costas.*